**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER W. SPEIGEL,<br>Plaintiff,<br>v.<br>CAPE MAY COUNTY, *et al.*,<br>Defendants. | No. 23-cv-3556<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is *pro se* plaintiff Christopher W. Speigel's ("Plaintiff") complaint. ECF No. 1 ("Compl."). Having previously granted his *in forma pauperis* application, *see* ECF No. 5, the Court must screen Plaintiff's complaint *sua sponte* to determine whether it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B); *see Brown v. Hudson Cnty. Corr. Facility*, No. 22-6240, 2025 WL 3041821, at *2 (D.N.J. Oct. 31, 2025). For the reasons stated below, the Court will dismiss Plaintiff's complaint (1) because Plaintiff seeks monetary relief from defendants who are immune from such relief and (2) for failure to state a claim on which relief may be granted.

**WHEREAS** Plaintiff alleges that he was arrested by officer Benjamin Stiefel ("Stiefel") of the Middle Township Police Department ("MTPD") on November 17, 2021, at 10:04 PM. Compl. at 12. According to the relevant MTPD incident report, Plaintiff was arrested for aggravated assault based on a "report of shots fired." ECF No. 1-3 at 2. In connection with this event, Plaintiff ultimately pled guilty to "second-degree burglary and first-degree unlawful possession of a weapon." *State v. Speigel*, No. A-2413-22, 2025 WL 2426837, at *1 (N.J. Super.

Ct. App. Div. Aug. 22, 2025). Plaintiff is currently incarcerated at South Woods State Prison in Bridgeton, New Jersey. ECF No. 10; and

**WHEREAS** Plaintiff alleges that Stiefel immediately placed him in handcuffs on the night of November 17. Compl. at 12. Plaintiff further alleges that he was then transported to MTPD headquarters by officer Kenzee Delgado ("Delgado"), where Plaintiff remained until officer Christian Quaranta ("Quaranta") transferred him to Cape May County Correctional Center on November 18 at 4:46 PM. *Id.* However, Plaintiff alleges that he remained handcuffed behind his back for essentially[1] the duration of his 18-hour detention in a processing room at MTPD headquarters on November 17 and 18, 2021. *Id.* at 12–13; and

**WHEREAS** Plaintiff states that he began to experience sharp pain in his right shoulder during his detention and complained to officers. *Id.* at 13. He states that around 3:15 AM on November 18 he requested medical attention and was seen by an EMT. *Id.* Plaintiff alleges that he was checked out by the EMT and received an ice pack to alleviate his pain. *Id.*; ECF No. 1-2; and

**WHEREAS** after his detention on November 17 and 18, Plaintiff "began experiencing higher levels of pain, numbness, and discomfort in [his] right shoulder and arm." *Id.* at 13. Plaintiff states that doctors later diagnosed him with shoulder impingement syndrome. *Id.* He further alleges that he is now "virtually disabled," lacks mobility in his right shoulder, and continues to experience pain, discomfort, and numbness. *Id.* at 14; and

**WHEREAS** as a result of this incident, Plaintiff filed his complaint, in which he asserts claims for damages under 42 U.S.C. § 1983 against various police officers and judicial defendants.

[1] Plaintiff states that "shortly after [his] arrival" at MTPD headquarters, officers "freed [him] from [his] restraints" and placed "brown bags" over his hands. Compl. at 12; *see Mirarchi v. Britton*, No. 08-1712, 2009 WL 3053731, at *1 (M.D. Pa. Sept. 18, 2009) ("Petitioner had paper bags over each hand so that he could be tested for gunshot residue."); ECF No. 1-2.

Specifically, Plaintiff asserts § 1983 claims for (1) "improper training, deliberate indifference, and neglect in duties" against then-MTPD police chief Chris Leusner; (2) "improper supervision, neglect in duties, and deliberate indifference" against MTPD officers Mark Higginbottom, Tracey Super, Lenny Larkin, and Brian P. Murphy; (3) "initiating rear restraints, neglect in duties, and deliberate indifference" against Stiefel and Delgado; (4) "neglect in duties and deliberate indifference" against MTPD officers Thomas Ritteroff, Kurt Seattler, Blake Martindale, Sarah Lesniewski, Ursula Sharkey, Tyler Jackson, Quaranta, Shawn Karge, Christopher Baczek, and Damiano; and (5) "abuse of discretion, deliberate indifference, and neglect in duties" against Superior Court Judge Benjamin Podolnick ("Judge Podolnick"), Municipal Court Judge Thomas Keywood ("Judge Keywood"), and Cape May County. *Id.* at 14–16; ECF No. 4; and

**WHEREAS** the Court will dismiss Plaintiff's complaint entirely. First, the Court must dismiss Plaintiff's claims against Judges Podolnick and Keywood because those claims seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii). "Judges enjoy absolute immunity from a suit for money damages for judicial acts." *Livingston v. Gallina*, No. 25-1948, 2025 WL 2673613, at *2 (3d Cir. Sept. 18, 2025). Because Plaintiff does not allege that these state-court judges committed a "nonjudicial act" or took judicial action "in the complete absence of jurisdiction," his claims against them must be dismissed based on judicial immunity. *Id.*; and

**WHEREAS** second, the Court will dismiss Plaintiff's remaining claims for failure to state a claim upon which relief can be granted. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). Under that standard, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Thus, the Court will dismiss a complaint if it lacks "'enough [well-pled] facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]' of a claim for relief." *Seana*, 506 F. App'x at 123 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)). Because Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *See Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013); and

**WHEREAS** Plaintiff's remaining claims appear to fall into three categories. First, Plaintiff asserts § 1983 conditions of confinement claims against the officers who allegedly placed him in handcuffs. Second, Plaintiff asserts § 1983 claims for deliberate indifference against the officers who allegedly failed to provide him with adequate medical care. And third, Plaintiff asserts § 1983 claims against other MTPD officers and Cape May County under a supervisor liability theory and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), which extends § 1983 liability to local governments whose policy or custom facilitates an underlying constitutional violation; and

**WHEREAS** as an arrestee at the time of his confinement at MTPD headquarters, Plaintiff's § 1983 claims stem from his Fourteenth Amendment Due Process rights. *See Carter v. Kraus*, No. 24-26, 2025 WL 1756682, at *5 n.7 (W.D. Pa. June 25, 2025); and

**WHEREAS** concerning the first category of claims, Plaintiff has failed to state a viable § 1983 conditions of confinement claim. "To establish a [conditions of confinement claim under the] Fourteenth Amendment . . . , a pretrial detainee must allege that his conditions of confinement amount to punishment." *Tolbert v. Atl. Cnty. Just. Facility*, No. 24-10117, 2025 WL 50376, at *4 (D.N.J. Jan. 8, 2025). To do so, a plaintiff must plausibly allege that the deprivation he experienced

"was sufficiently serious" and that "officials acted with a sufficiently culpable state of mind." *Id.* (citation omitted). Here, Plaintiff's allegations are insufficient to state a conditions of confinement claim, because he does not allege (1) that any MTPD officer had an express intent to punish him or (2) facts that allow for an inference of that intent. *See Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). As such, the Court must dismiss Plaintiff's conditions of confinement claim. *See Talley v. Doyle*, No. 19-1588, 2019 WL 6050739, at *9 (E.D. Pa. Nov. 15, 2019); *Talley v. PA Dep't of Corr.*, No. 19-1687, 2019 WL 6050744, at *9 (E.D. Pa. Nov. 14, 2019); *see also Gibbs v. Hinds*, No. 25-95, 2026 WL 809785, at *5 (W.D. Pa. Mar. 24, 2026); *McCullon v. Saylor*, No. 12-445, 2013 WL 1192778, at *17 (M.D. Pa. Mar. 4, 2013), *report and recommendation adopted*, No. 12-445, 2013 WL 1192963 (M.D. Pa. Mar. 22, 2013); and

**WHEREAS** concerning the second category of claims, Plaintiff has failed to state a viable § 1983 claim based on inadequate medical care. To state "a Due Process deliberate indifference to medical needs claim, a plaintiff must plead that (1) he had a 'serious medical need' and (2) defendants' acts or omissions exhibited a 'deliberate indifference to that need.'" *Brown*, 2025 WL 3041821, at *3 (citation omitted). Here, Plaintiffs' allegations fail to meet this high standard, namely because Plaintiff explicitly alleges that he received medical attention from EMTs during his detention at MTPD headquarters. Compl. at 13; ECF No. 1-2. Although Plaintiff characterizes the treatment he received as "feeble," Compl. at 13, the Constitution "is not a device to second guess the medical decisions of prison personnel," *Turner v. Kirsch*, No. 08-2005, 2011 WL 1430300, at *6 (E.D. Pa. Apr. 13, 2011). Therefore, absent additional factual detail, Plaintiff's inadequate medical care claim must be dismissed; and

**WHEREAS** concerning the third category of claims, Plaintiff's theory of § 1983 liability hinges on the viability of Plaintiff's claims for the underlying constitutional violations he alleges,

*i.e.*, the claims addressed just above. As such, given that it will dismiss Plaintiff's "direct" § 1983 claims, the Court must also dismiss Plaintiff's § 1983 claims grounded in supervisor and *Monell* liability. *Cappel v. Aston Twp. Fire Dep't*, 693 F. Supp. 3d 467, 489 (E.D. Pa. 2023).[2]

Accordingly, **IT IS** on this 26th day of August 2026;

**ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Office of the Clerk of the Court shall mail a copy of this Memorandum Order to Plaintiff by regular U.S. mail; and it is finally

**ORDERED** that the Office of the Clerk of the Court shall **CLOSE** this matter.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**

[2] To the extent Plaintiff asserts claims under the New Jersey Tort Claims Act, *see* Compl. at 1, the Court "declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367," *Tellus v. New Jersey*, No. 25-1727, 2025 WL 1024068, at *2 (D.N.J. Apr. 4, 2025).